This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38377

**KELLIE A. RUMBA,**

Petitioner-Appellant,

v.

**STEVEN MEYER,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

Kellie A. Rumba
Santa Teresa, NM

Pro Se Appellant

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE Chief Judge.**

**{1}** Mother appeals from the district court's award to Father of Child's primary physical custody and of attorney fees in the amount of $15,000. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition concerning our proposed summary affirmance and Father filed an objection to Mother's memorandum in opposition, both of which we have duly considered. Remaining unpersuaded that Mother has shown error on appeal, we affirm. We construe Father's objections to Mother's memorandum in opposition as a motion for sanctions, which we deny.

**{2}** In Mother's memorandum in opposition, she asserts that "Father promotes a false narrative of happenings concerning this case, and particularly a false narrative of Mother." [MIO 1] Mother acknowledges the analysis in our notice of proposed disposition, wherein we suggested that the district court's findings and conclusions related to Mother's restrictive gate-keeping and repeated failures to comply with court orders related to custody indicated that the district court was presented with, and took into consideration, evidence warranting modification of Child's primary custodian. [MIO 1; CN 3-5] Nevertheless, Mother asks this Court to adopt her explanation of these actions, namely that they "were taken with the best interest of Child in mind[.]" [MIO 1] Specifically, Mother asserts that she "needs to be heard and respected" as to her belief that "Father is not a good influence." [MIO 4]

**{3}** It is not this Court's role to supplant the district court's view of the evidence. *See State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not re[]weigh the evidence to determine if there was another hypothesis that would . . . replace the fact-finder's view of the evidence with the appellate court's own view of the evidence."). Thus, we are unpersuaded by Mother's memorandum in opposition because it is premised on her argument that "Mother's words are true, [and] it is the words of Father which are false." [MIO 5] It was for the district court to resolve any conflicts in the evidence and determine weight and credibility in the testimony. *See Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 ("We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." (alteration, internal quotation marks, and citation omitted)).

**{4}** As to Mother's continued contention that the district court failed to take into account the imbalance of finances between the parties, and specifically Mother's own financial hardships and lack of access to her husband's finances [MIO 3], this argument again asks this Court to reweigh the evidence, which we will not do. *Id.* Moreover, Mother has not addressed our proposed conclusion that the district court did address the imbalance of finances between the parties, but weighed it against the evidence before it which established "that Mother made misrepresentations regarding her financial situation and that these misrepresentations impacted the district court's apportionment of litigation expenses throughout the proceedings." [CN 6-7] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}** Mother has not otherwise asserted any fact, law, or argument in her memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated in our notice of proposed disposition and herein,

we affirm the district court's award of primary physical custody of Child and attorney fees in the amount of $15,000 to Father. We deny Father's request for sanctions against Mother.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**